UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES STANLEY KOENIG,<br><br>        Petitioner,<br><br>    v.<br><br>C. KOENIG,<br><br>        Respondent. | No. 2:21-cv-01145-DAD-DMC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION SEEKING FEDERAL HABEAS RELIEF<br><br>(Doc. No. 49) |

       Petitioner James Stanley Koenig is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action proceeds on petitioner's first amended petition for a writ of habeas corpus. (Doc. No. 27.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

       On March 31, 2025, the assigned magistrate judge issued findings and recommendations recommending that petitioner's first amended federal habeas petition be denied. (Doc. No. 49.) The magistrate judge examined each of the seven grounds for relief asserted by petitioner. (*Id.* at 5.) As to the first three grounds, the magistrate judge observed that the state appellate court had found that the jury at petitioner's trial was properly be instructed on conspiracy liability and aiding and abetting liability regarding sale of securities by means of false statement because the

1

underlying criminal statute renders that act a "general intent crime" and not "a crime of criminal negligence." (*Id.* at 9–15); *see also People v. Koenig*, 58 Cal. App. 5th 771, 751–52 (2020) ("Consistent with this, our high court has characterized section 25401 as a general intent crime.") (citing *People v. Salas*, 37 Cal. 4th 967, 976 (2006)). The magistrate judge found that this conclusion reached by the state appellate court was neither contrary to nor based on an unreasonable application of clearly established law. (Doc. No. 49 at 15.) As to petitioner's fourth ground for federal habeas relief, the magistrate judge found that based on the parties' briefing on appeal, petitioner was "simply incorrect in asserting that the California Court of Appeal addressed the issue of harmless error sua sponte." (*Id.* at 19; *see also* Doc. No. 30-50 at 128 (appellate briefing arguing that the *Watson* standard of review applies to petitioner's appeal)); *People v. Aranda*, 55 Cal. 4th 342, 375 (2012) (noting that the *People v. Watson*, 46 Cal. 2d 818 (1956) standard is "harmless error review"). As to petitioner's fifth ground for relief, the magistrate judge found that the state appellate court's reasoning applied the appropriate harmless error standard. (Doc. No. 49 at 24.) The magistrate judge also concluded that the appellate court's holding—that the trial court was not required to provide an unanimity instruction regarding the overt act that precipitated the conspiracy—was not contrary to clearly established federal law. (*Id.* at 26.) Accordingly, the magistrate judge found that petitioner's sixth ground for federal habeas relief lacked merit. Finally, as to petitioner's seventh ground for relief, the magistrate judge concluded that, because there was no basis for federal habeas relief and no error on the part of the state court, petitioner's claim of cumulative error must be rejected. (*Id.*)

        The pending findings and recommendations were served upon the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 27.) Petitioner did not file any objections to the pending findings and recommendations and the time in which to do so has long since passed.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

      Having concluded that the pending petition must be denied, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability if "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on [his] . . . part." *Miller-El*, 537 U.S. at 338. In the present case, the court concludes that reasonable jurists would not find the court's determination that the petition should be denied to be debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the court will decline to issue a certificate of appealability.

      Accordingly,

1. The findings and recommendations issued on March 31, 2025 (Doc. No. 49) are ADOPTED in full;

2. Petitioner's first amended petition for writ of habeas corpus (Doc. No. 27) is DENIED;

/////
/////
/////
/////
/////
/////

3

3. The court DECLINES to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and

4. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: __**October 15, 2025**__  /s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4